IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANIELLE INEZ DODD-TODD<br><br>*Defendant.* | CRIMINAL ACTION NO.<br>3:25-cr-00009-TES-CHW-2 |

### ORDER CONTINUING TRIAL IN THE INTEREST OF JUSTICE

Before the Court is Defendant Danielle Inez Dodd-Todd's First Unopposed Motion to Continue Trial [Doc. 28]. Trial is currently set to begin July 8, 2025, and the government does not oppose a continuance. [Doc. 28, p. 2 ¶ 7]. For the reasons set forth below, the Court finds that trial should be continued pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv).

On April 9, 2025, the Grand Jury returned an Indictment [Doc. 1] charging Defendant Dodd-Todd with two counts: one count of Receiving Stolen Government Money and Property, in violation of 18 U.S.C. § 641 and 18 U.S.C. § 2, and one count of Attempt to Pass, Utter and Publish a Treasury Check, in violation of 18 U.S.C. § 510(a)(2) and 18 U.S.C. § 2. [Doc. 1, pp. 1–2]. On May 7, 2025, Defendant Dodd-Todd pled not guilty to those charges, and she was released on an unsecured bond with conditions. [Doc. 18]; [Doc. 19]; [Doc. 20]; [Doc. 22].

While the grant of a continuance is left to the sound discretion of the trial judge,

*United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). In granting such a continuance, the Court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the [g]overnment the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv).

According to Defendant Dodd-Todd's motion, more time is needed to receive and review the forthcoming discovery. [Doc. 28, p. 2 ¶ 6]. Once received, counsel for Defendant Dodd-Todd will need time to review the discovery, confer with his client, and prepare any substantive defenses. [*Id.*]. Therefore, based on the reasons stated in her motion, the Court **GRANTS** Defendant Danielle Inez Dodd-Todd's First Unopposed Motion to Continue Trial [Doc. 28]. The Court **CONTINUES** this case to *August 11, 2025*. The ends of justice served by this continuance outweigh the best

interests of the public and the defendant in a speedy trial and are in accordance with the considerations required under 18 U.S.C. § 3161 for excusable delay. The pretrial conference set for June 4, 2025, is canceled, and the Court will re-schedule a pretrial conference at a later date.

**SO ORDERED**, this 22nd day of May, 2025.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT COURT**
